# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | John A. Nordberg | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6769 | **DATE** | 5/16/2012 |
| **CASE TITLE** | Shariss Walker vs. The Progressive Group of Insurance Companies *et al.* | | |

**DOCKET ENTRY TEXT**

The motion to strike [7] is denied. This case is assigned to the Magistrate Judge to supervise discovery and the entry of a preliminary pretrial scheduling order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    This case was originally filed in state court by plaintiff Shariss Walker, as executor of the estate of Kenneth Brown who was killed in a roadside accident on July 30, 2009. (Cmplt. ¶ 9.) Plaintiff seeks to recover under Mr. Brown's auto insurance policy. There are two defendants: (I) The Progressive Group of Insurance Companies (the "Progressive Group"); and (ii) Artisan & Truckers Casualty Company ("Artisan"). There are two insurance polices referred to in the complaint. The first policy (No. 06447730-0) was effective May 21, 2008 through May 21, 2009 -- *i.e.* its effective date ended a few months before the accident. (*Id.* ¶ 7.) The premiums on this policy were paid automatically through electronic funds transfer from Mr. Brown's bank account. (*Id.* ¶ 10.) At some point, the Progressive Group offered to renew the policy for a new year. This policy would be effective from May 21, 2009 through May 21, 2010. The proposed new policy was numbered No. 06447730-1. This is the same number as the old policy, except with a "1" at the end instead of a "0."

    The policy, however, was never renewed. Plaintiff claims this is because, for some unknown reason, the Progressive Group removed the automatic electronic funds transfer feature from Mr. Brown's bank account and also changed his zip code on the account mailing information from the right zip code to an incorrect zip code. (*Id.* ¶¶ 13-14.) As a result, Mr. Brown never knew that he no longer had auto insurance coverage. The implication is that Mr. Brown assumed the monthly payments would be paid automatically through the electronic funds transfer feature. After the accident, the Progressive Group allegedly told plaintiff that neither the first policy nor the proposed second policy were effective such that there was no insurance coverage. (*Id.* ¶ 22.) Plaintiff's theory of the case is summarized in Paragraph 21: "Policy Number 06447730-0 and/or Policy Number 06447730-1 were in full effect at the time that Mr. Brown died because at all relevant times Progressive had the EFT authorization required to deduct policy premiums from Mr. Brown's bank account, Mr. Brown never represented that he wanted to terminate his policy or not renew his policy, and Mr. Brown never received notice that his policy would be terminated or not renewed." These allegations are made against the Progressive Group in Count I, which is a claim for declaratory judgment that either the first

"and/or" the second policy was in effect at the time of the fatal accident and that the Progressive Group must pay according to the policies. The complaint does not mention a specific legal theory under which Count I is brought. Count II repeats the same allegations as Count I, except that it substitutes Artisan in place of the Progressive Group. It refers, for example, to the exact same two policy numbers but states that Artisan issued these policies.

Before the Court is a motion by defendant Artisan to dismiss Count I and to strike the request for relief under the first policy. The motion is fully briefed, although it should be noted that the briefs are short and only contain a cursory discussion of the legal doctrines and only cite to a couple of cases. Artisan makes two arguments.

Artisan first asks that we strike Count I, which is not directed at Artisan but at defendant the Progressive Group. One question neither side addresses is why Artisan has standing to challenge a count directed at another party. Putting this issue to the side, we will examine Artisan's argument. It states that the Progressive Group is not a registered corporation, company, or partnership. Hence, it is not a legal entity that can be sued or named as a defendant. To support this factual assertion, Artisan has submitted an affidavit from a compliance manager employed by Progressive Commercial Holdings, which is allegedly owned by the Progressive Corporation. (Ex. B, ¶ 1.) This person states that the phrase "The Progressive Group of Insurance Companies" is merely used to refer to "multiple different entities that deal in insurance products under the Progressive Corporation." (*Id.* at ¶ 3.)

Plaintiff responds by pointing to the following sentence allegedly on the Progressive Company's website: "The Progressive Group of Insurance Companies, in business since 1937, ranks third in the nation for auto insurance based on premiums written and provides drivers with competitive rates and 24/7, in-person and online service." (Pl. Resp. at 1.) The website then lists 18 companies within the Progressive Group. Plaintiff suggests that the parties can determine through discovery "[i]f there is a specific company in the Progressive Group of Insurance Companies that issued the policy to Kenneth Brown" and then plaintiff can amend the complaint to name the right party. (*Id.*)

In its reply brief, Artisan first complains that the statements from the website have not been authenticated and are inadmissible hearsay. (It is unclear what Artisan is suggesting here. Does it think this is a fraudulent website not connected to the Progressive Corporation?) Second, Artisan argues that the statement on the website is not inconsistent with its view that the Progressive Group is merely "a phrase being used to describe a collection of companies operating under the Progressive name." (Reply at 3.) Third, Artisan states that it has already admitted that it was the company that issued the first policy. In the end, Artisan complains that plaintiff has submitted no evidence that "proves" the Progressive Group is a legal entity that can be sued.

In considering these arguments, we find that they raise a factual question which we should not be resolved on a motion to strike especially since the parties should be able through discovery to resolve this issue relatively easily. After discovery, this issue (to the extent it still exists) can be addressed through a motion. As Artisan points out in its opening brief, if the Progressive Group is not a legal entity that can be sued, then the claim against it is void *ab initio*. (Mem. at 2, *quoting Google, Inc. v. Central Mfg., Inc.*, 316 Fed. Appx. 491, 495 (7th Cir. 2008).)

Artisan's second request is that we strike claims for relief based on the first insurance policy (no. 06447730-0). Artisan states that it is "clear" that no coverage can exist under this policy because its effective date ended a few months before the accident. Artisan asserts this argument as an obvious, self-evident point, and therefore provides no legal analysis to support it. Plaintiff in her response brief acknowledges that the effective date ended a few months before the accident but then she goes on to frame the legal issue as follows: "The issue is simply whether the insurer is required to provide coverage when payments were authorized to be deducted from the account, and did, in fact, get deducted many times from the checking account of the decedent until which time a computer glitch caused the payments to cease, unbeknownst to Kenneth Brown." (Pl. Resp. at 3.) Unfortunately, plaintiff, like defendant Artisan, does not go on to set forth

| STATEMENT |
|---|
| an explicit legal theory underlying these facts. Is this a breach of contract argument concerning how the policy may be terminated? Or is plaintiff relying on some extra-contractual doctrine such as estoppel? By her use of the term "and/or" linking the two policies, plaintiff seems to be hedging her position on which policy is applicable. One option to resolve this question would be to order further briefing. However, we find that more efficient approach it to deny this motion now, allow the parties to develop the facts in discovery, and then permit the parties to raise this issue in a summary judgment motion at which point each side can provide the Court with a more developed legal analysis. |